Good morning, Your Honors. Alicia Tawano-Peterson for Petitioner Arthur Hicks. I think Your Honors may like this case a little better because I think it could be decided more on the side of federal equitable tolling rather than on the Welch case. First of all, I think under current case law it's clear that the district court in this case failed because they did not inform the petitioner that he had the option to amend his petition to delete his exhaustive claims to seek a stay and then come back into federal court. The district court also failed to tell the petitioner that the statute of limitations had in fact already run. So if he were to dismiss his petitions, he would be barred. So the dispute becomes whether the petitioner was diligent and what role diligence would play in this matter. And first of all, I'd like to point out that Mr. Hicks was diligent because he immediately went and filed a state habeas petition. And then about four and a half months later, he filed his first habeas petition. And that was before the AEDPA period began. I'm sorry? That was before the AEDPA period would have begun to run, his first. Yes, I believe. Yes, he filed his petition before the petition for review was denied. And he had about a 94-day statutory tolling period. And his first state habeas petition was denied before he – about four and a half months before he filed his first federal petition. And then the district court took over a year to decide on his federal habeas. So meanwhile – Isn't it already too late, though? Does it matter? My thinking is he was told in California what he had to file, and he didn't do it. Instead, he filed an ineffective notice of appeal. I think that's something that comes later. But basically what first happened was he filed state habeas petition, and then within four and a half months after that, he filed his first federal petition. So he was well within the statute of limitation period. It was only a few months had passed before he filed his first federal petition. And then the district court held on to that petition for over a year. In the meantime, the statute of limitation had expired. So – But under Delhom, do we consider the other filings which were filed improperly according to the courts who dismissed them? There might have – there were possibly one or two disputed filings that came later. I don't know if it really makes a difference, you know, in this case. Which filings are we supposed to look at as the first full round? Well, I think with the – you know, until the Welch decision, you know, it's hard to say exactly. But the first state habeas petition, it was filed prior to the petition for review. And then he filed another one in the California Supreme Court after the first federal habeas petition was filed. And then he filed a state habeas petition with the court of appeals, subsequently with the court of appeals. But that was after ADPA had already expired, unless there would be equitable tolling. And I think the main issue in this case, in this case, is in regards to the equitable tolling, because under dilemma, when the district court improperly informs the petitioner or fails to inform the petitioner, he should have equitable tolling for all the time period in excess of the statute of limitation period. I have a problem with getting there. It looks to me as though he didn't file the right papers before he got to the district court and it improperly failed to inform him. And also, he didn't act with reasonable diligence to exhaust his claim in state court after the district judge acted. So even if the district judge had correctly informed him, you'd get to the same place. No. That's not true, Your Honor, because the – what he initially did was he filed a state And that was certainly timely. And just a few months later, he filed his first habeas petition. He had not filed any other state petitions, you know, up to that point. But during the pendency of the first habeas petition, the statute of limitation would have expired unless there was equitable tolling. And so it didn't matter what he did after that. No matter how diligent he was after that time period, it would have made no difference. Therefore, these are circumstances beyond his control, because the statute of limitation expired during – Wait a minute. It seems to me that that answer, instead of supporting your argument, undermines it. He had no business going to Federal court at that point. He had not exhausted his state claim. So to say that he's harmed, he's harmed by his own error there, I don't see that it – Well, the harm was because the district court, pursuant to the Ford case, which I submitted as supplemental authority, Kelly, you know, other subsequent cases, the district court should have informed him. You're saying it should have advised him. It should have advised him that he could have. He could have. But by that time, it's time had already run. No, well – There's nothing unusual about a habeas being in district court for a year. There are a lot of cases in the district court, and they take a while to filter out. Well, the – File in the wrong court. You spend a year wasting your time. Well, the argument is that he should – he should receive equitable tolling, you know, for the entire time period that his case was in Federal court. But the equitable tolling is for the time that you're exhausting in State court. I don't see why you need the equitable tolling argument, actually. If you look at our recent cases, Dell Home and Biggs. Well, there's also – Does this direct an argument under those cases? Well, yes. There's, of course, the issue of statutory tolling. And, well, the statutory tolling would have commenced when his first State habeas petition was filed. And – Doesn't he get one full round? And while each is properly pending, what difference does it make if he's filing a bunch of other improper things? We're not supposed to even look at that. Well, yes, that would be the argument, that he's entitled to statutory – Isn't that what the new cases say? I mean, I know it's hard to keep up with them all, but isn't that what they say? Yes, that he should be allowed statutory tolling during the intervals. So that until the California Supreme Court denies his petition to the California Supreme Court, he's still in that first round, even though there was a fairly substantial period between the first denial by the California Superior Court and the final denial, that is to say, the denial from the California Supreme Court. Now, there was a fair amount of time between his denial in the Superior Court and his filing in the State Supreme Court. But as I read our case law, at least as it currently exists, that may nonetheless make it part of the same round. And the fact that he happened to go to federal court in between is neither here nor there. And then, I guess, ultimately, this might be another case for deferral because the question is the reasonableness of the length of time. But maybe the answer is we just don't look, like I suggested to the last State Assistant State Attorney General, maybe the clearest, cleanest rule would be not to look at that. Just – I mean, I was on the panel with Nino V. Galazzo, and we did put in that language of reasonableness. And now I sometimes wish we hadn't because it just would have been a cleaner rule. I have another argument for you. I mean, you may not need it based on what we've been saying. Habeas Rule 4 requires the district court to act promptly. And it may be that a year is too long and that if the district court does not act promptly under the rule that requires it to do so, that you should get equitable tolling for any period in the district court which is beyond the, quote, promptness requirement of Rule 4. That's an argument that you may wish to think of in another case. I'm wondering why your argument doesn't lead to the conclusion that when Congress passed the AEDPA statute of limitations, under your argument, there's an exception for California. There is no statute of limitations in California. I don't quite, I didn't quite understand that. Oh, I see what you're, yes, I see what you're saying. So therefore, it causes these confusions. Under the Ninth Circuit interpretations of California law to date, there is, as long as some sort of papers are being filed somewhere, there's always tolling, and it seems to me that that's what your argument has to amount to. It's a, it's not an implausible argument under some of our precedents, perhaps, though Welch may change that. Well. But I'm thinking that's what my problem with that is, it looks as though that's a coherent argument under our precedents, but it can't be right because we know that the AEDPA statute of limitations doesn't say except in California. With the Supreme Court. Well, when you have pro se Petitioners, I mean, as you say, that's something for the legislature to deal with, but under case laws as it stands now, I believe that Mr. Hicks' petition was timely. Well, the courts could help out by saying when, if they're dismissing a petition for untimeliness by saying it. That would be helpful. That's true, Your Honor. But I believe both under the equitable tolling and the statutory tolling that his petition is timely. And especially, like I said, he did file his Federal petition, you know, not like in Ford, where the petitioner filed his Federal petition right before AEDPA had expired. In this case, he filed it way before the statute of limitation, and in Ford, the court still found his petition to be timely. Well, thank you, counsel. May it please the Court. Donald DeNicola, Deputy Attorney General, for the respondent. You can begin by volunteering to take a message to the Attorney General. Yes. Yes. I suppose you know how unusual California's procedure is. Perhaps you don't. No, no. We do. In other states, you file your petition for post-conviction relief in the superior court, you appeal it within a set number of days or else there's no jurisdiction to the intermediate appellate court, and you petition for discretionary relief within a set number of days to the State Supreme Court, and then it's over. Yes, Your Honor. And our office, you know, has certainly sought legislation precisely along those lines in the past, and we're seeking legislation precisely along those lines right now. Is there or you're actively seeking legislation? Well, we we've Have you drafted something? We're in the proposal stage now, but within the past three years, we did draft and did have in the legislature a drafted bill that did very much what Judge Kleinfeld is suggesting. Time limits, very specific procedures designed to obviate the problems that have bedeviled the system, both in the State courts and the Federal courts. It seemed to me it would help everybody. It would even help the pro se prisoners if there were some clear rules. I think that's part of the problem we're seeing in the cases. Yes. You could give them a little packet. How do you do it? Well, again, it was our proposal. It was an idea that we endorsed. I think without getting into the politics of it, it has an impact so heavily on the death penalty cases. And, you know, however, the public mood changes in death penalty cases have a dramatic effect on anything that's going to be perceived as even though regularizing, but tightening and putting deadlines on capital prisoners. The California Supreme Court jurisprudence in this area is liberal because it allows prisoners to come back. It allows prisoners to articulate special circumstances why they might be late. And I think, in a sense, the courts has done a good job. You could sure eliminate an enormous and somewhat foolish chunk of your caseload by just putting except in death penalty cases in your legislative proposal. Well, I guess that. Another day. Well, and as a matter of fact, the current proposal does talk about that. But I think it's I mean, we can't you. Your office can't and the Supreme Court can't accept cert petitions on all these cases. I don't know how many we have just this week. I think it's six or seven. Suppose we roll in a way that the attorney general's office doesn't agree with. And all six or seven of the Supreme Court's not going to grant cert. I can't imagine the Supreme Court wants to go through each individual process filings the way we're looking at and counting the months and trying to figure out, does this one count? Does this one not count? And go through it all. I mean, it's just a completely unworkable system. And even there's really no ultimate remedy unless the legislature acts. I think, again, you know, we went through that round of Supreme Court litigation. I'm not aware that we're actively pursuing this type of claim. We certainly, in cases like Kelly v. Smalling, Ford v. Woodford, we certainly are attacking the abstain-advance procedure. We're certainly attacking the notion of equitable tolling and relation back generally. But on the comparisons between the gates and the State courts and what they decide. Kagan. In other words, you're attacking all the problems with our jurisprudence and not the problems with yours. You're attacking the problems with our jurisprudence and not the problems with yours. Well, yes, we do. It's the problem. It's the United States jurisprudence that gives us the problems, Your Honor. Call it colossal waste of time when you're dealing with pro se habeas and time limits that aren't really time limits. Well. You can't ever get any usable rules out of this. Well, again, I'm not sure that you can win every petition for rehearing, and you still don't get any usable rules. And, again, but we are, like I said, we are attempting, I think, statutorily to get rules that are more usable. But I'm happy. The message doesn't need to be suggested because it's not always recognized. But short of a legislative solution, I don't know what the arguments are all going to be in Welch, but it would seem to me that maybe your office as a group ought to figure out what would be a workable rule absent a legislative solution and take that to the Welch en banc hearing, you know, as something, a clear rule that would be workable. Yes. Just a little hint. I'm sure that the counsel who's arguing that will be asked that question. Yes, Your Honor, and I'm sure they're aware they'll be asked that question. Yes. I do think that as troublesome and as time-consuming as this wave of cases is, it is, I think, kind of a shakedown period for this issue. But it's a waste of time. You feel like you have to publish because you're saying something new, but the random walk of the next pro se is going to be a little different, so it won't be controlled by whatever you publish on. Well, I don't know if that's necessarily so, Your Honor. Frankly, I think it depends on what the court publishes. If you want to. What's more, as hard as it is for us to figure out our own precedents and what we've said, I can't imagine that your average felon, without the advantage of a fine law school education, even though he has perhaps more time to devote to the case than we do, could figure out all the holdings and apply them. You're still going to wind up with a random walk. Well, I think if, for example, if the Welsh case were to come down with a rule that set a ballpark time range as reasonable, I think it would. It would work to. I don't see. I mean, I don't want to argue the Welsh case, but I don't see how the federal court can tell the state court what's reasonable or not. I mean, the state court certainly can be denying the claims on untimeliness grounds, and reasonableness would go into that if they would just. How can we tell them that for their procedure, a set period of time is reasonable? Well, I think the Supreme Court, I think, has suggested that federal courts can do that. I think in Teague v. Lane, you know, the issue came up about how do you treat the procedurally barred nature of a claim that was never presented to state court, and the Supreme Court told the federal court basically you could apply the state rules and do that. You could, in other words, that a claim that is presented to the state court that was never presented to the, a claim that was presented to the federal court that was never presented to the state court, so that the state court never had an opportunity to apply its procedural rules to the claim. The federal court can go ahead and apply those state procedural rules to the claim and bar the claim. So, I mean, I think there is, there is a pedigree for the notion that the federal courts in adjudicating claims like this can make a request to the state law. Well, what is the state rule on what's a reasonable period, or did they just accept any filing? Is there any rule? Well, I think the way the state courts explain the rule is that the claim should be filed, should be brought to the state court's attention. It should be without substantial delay after the factual and legal basis of the claim becomes reasonably known to the litigant. Substantial delay. Yes. Is the rule. And how did they, and then is there any coherent definition of substantial delay? Well, the Supreme Court has promulgated policies that apply in the death penalty context specifically that indicate that a claim that's filed within 90 days of the reply brief at the time of the appeal will be considered to be filed without substantial delay. But once you get beyond that, then I think it's clear from the Robbins case that the onus is on the defendant to justify, to justify the delay. Now, here you have a delay of two and a quarter years. But there's no, so I guess what I'm getting at is there's no per se rule. There's no rule that. There's no calendar rule. Six months is good. And what are we supposed to do when a claim after it's filed in, say, the superior court, denied in the superior court, refiled in a later petition in the California Supreme Court a little more than two years later, the California Supreme Court gives us every indication that that claim is denied on the merits rather than for lack of timeliness. Are we supposed to invent the lack of timeliness reason that the Supreme Court did not give, in fact, quite gave the opposite? How can we do that? Well, I think the Supreme Court in Cary v. Saffold, I mean, recognizing, I think, that that's a conundrum, suggested that the federal courts need to make a tough call on that. But whose business is this? In a sense, this is all deference to the states. I mean, these are state prisoners. These are time limitations that are, in a sense, designed to further the federal interests of the states rather than of the federal government. And if the state chooses to have a system that allows substantial gaps and chooses to rule on the merits rather than rule for lack of timeliness, that's the state's business. Yes. I think it is the state's business if that's what the state courts choose and that's what the state system chooses. I think there is still kind of the unanswered question even in that framework about, you know, what is it that the state court, you know, was actually choosing. Certainly, it would be easier if the state court made it explicit. But in the absence of an explicit decision, Cary's a gentleman. Now, we've been arguing all kinds of other cases. How about this one? Meaning, we've got a substantial period here, and we've got a substantial period. But the second filing, the one in the State Supreme Court, appears to have been denied on the merits. Why is that not then part of the same round under our case law? Well, I think, to me, the major difference that we would emphasize is that we think in this case, the petitioner abandoned state court review for federal court review. So what you're saying is you shouldn't just ignore the filing in the U.S. District Court. And because under the U.S. Supreme Court decision, Duncan. Yes. There is no tolling. Right. While he's in federal court improperly. Yes. His year ran out while he was in federal court. Exactly. And it just doesn't matter what happens subsequently. That's our argument. But would you make the same argument if he had not filed improperly in federal court, if he'd simply done nothing during those intervening two plus years? He's denied in state superior court. Wait a little bit. Two years plus. Files in state supreme court. Denied on the merits of state supreme court. He does nothing in federal court. What's your argument then? Wouldn't make the exact same argument because. Oh, so in other words, the federal filing to you makes no difference. No, no. No, it doesn't. The fact that the federal filing occurs does make a difference, I think, because it shows. But you said you were going to make the exact same argument. I'm about to hear a different argument. Well, it's a different argument only because I can't say that he went to federal court. I have an argument. Okay. But the argument without going to federal court is that it's too long. The argument if he goes to federal court in the intermediate period is that he abandoned. Yes. Where does that doctrine come from? Well, I think it's. I think you just made it up. Well, I don't think it's made up. I think it kind of suggests itself from the circumstances of the case. But do you have any case law that says filing in federal court when you're not entitled to be there and you later file in state court means that you've abandoned any round in state court? I think it's a reasonable argument that's implicit in Duncan v. Walker. No, it isn't. Okay. But if Duncan's your case, okay, I got it. But Duncan simply says there's no tolling, there's no statutory tolling for improper filing in federal court. But that doesn't say you've abandoned your state filings. Excuse me? But that doesn't say you've abandoned your state filings. No, but I. Well, it doesn't because this factual circumstance didn't come up in Duncan. But I think Your Honor's explanation of what Duncan held applies here, that to allow the time that he was sitting in federal court. But he doesn't need the time. Or his argument is he doesn't need the time. But I'm starting from the premise that. Which you disagree. But I'm starting from the premise that he's in the same round and that two-year gap is a permitted gap. Now, you disagree with that. But go with me for the moment that that's a permitted gap. He doesn't need the tolling that Duncan was, in Duncan, the petitioner asked for. And Duncan, the court said he didn't get. But he doesn't need it. I think that's exactly true. Under his view, he doesn't need it. I still come back to the Welch argument that two and a quarter years is too long under. I understand. And you certainly not foreclose that argument. But I think just because under his view he doesn't need it, I don't think that that means, I don't think that necessarily resolves the question of whether or not going to federal court improperly when you're not supposed to makes this case like Duncan. And to allow statutory tolling for that period is inconsistent with Duncan, which doesn't allow statutory tolling. But he's not asking for statutory tolling under this argument. He's saying, listen, I'm fine whether I file this federal court or not. That is to say the two years I'm entitled to. File federal court, don't file in federal court. Sneeze, don't sneeze. It doesn't make any difference. But that is statutory tolling. That's the tolling for California. I suppose the issue there is whether California can treat him as being in the California appellate process when actually he's in federal court. I think that's a great deal of it. But I also think that there's a federal dimension, too, to the interest. Carrie talked about the interest that Congress had in letting the States do the one-rounded review. If the Petitioner abandons that and comes into federal court, then that federal policy really isn't being fulfilled either. So it's not simply a case. It's a case. I just want to approach this a slightly different way. We have the one-year tolling period under AEDPA. Yes. We have the one-year period. And it has an exception. Yes. And that's when a state habeas corpus proceeding is, quote, unquote, properly pending in the state courts. And I think that's the question. How do we define properly pending? Do we look to the state law to see if the state says it was properly pending, or do we interpret those words through some federal gloss? And in this case, because we have a merits denial, one could argue that the state court has said it's properly pending. So where does the federal court get its authority to tell the state court that it wasn't properly pending in the state court? Well, again, I think it's because Cary recognized, I think, a federal interest that in having the case proceed regularly in state court, that was undermined that would be undermined by giving statutory tolling to the petitioner for going to federal court. But what Congress said of the federal court, I'm not talking about the federal court. I'm saying Congress said use the language properly pending. When it used that language, it would seem to be referring to the state court construction of properly pending. Well, I think my argument is that I think there's an element of both in that, that what was at issue in Cary was simply the state dimension of pending. But I think if you look at Duncan and look at this circumstance, I think you can reasonably discern that there's a federal dimension to pending. Because of the filing of the federal. Well, it's interesting. Do you think we should defer submission on this case, Penny Walsh, or not? Only if the Court doesn't buy the argument. All right. That's a good answer. Hicks v. Lamarcus. Did you reserve time? Thank you. It's very important for to emphasize that this is a mixed. Excuse me. Actually, if the clerk is right, you didn't. Did she reserve two or was she two over? You were two over. Is there any way that there is one important issue? And he did talk a very long time. Take 30 seconds. Okay. Mostly he was talking to us about our suggestion that he fix it legislatively. Okay. This is a mixed petition. That means the petitioner had exhausted and non-exhausted claims. And, therefore, he could have proceeded with his federal habeas petition, except that the Court improperly dismissed it. So that should be the emphasis. That's why he needs that equitable tolling. Thank you, counsel. Thank you. We'll take a ten-minute recess. Thank you.
judges: Kleinfeld, Wardlaw, W Fletcher